DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant William Windmiller appeals from the judgment of the Lorain County Court of Common Pleas, denying his motion for relief from judgment. We affirm.
In 1993, Windmiller pleaded guilty to two counts of robbery and was sentenced to a prison term of five to fifteen years. In July 1995, Windmiller moved for probation, and the trial court granted the motion, placing him on probation for three years.
In January 1996, it was alleged that Windmiller had violated his probation, and a capias was issued for his arrest. Windmiller was not arrested until July 1996. He waived the probable cause hearing. The final revocation hearing was held on January 6, 1997. After the hearing, the trial court revoked Windmiller's probation and reimposed his prison sentence.
On August 22, 1997, Windmiller moved for a delayed appeal from the trial court's judgment. This court denied the motion on September 16, 1997.
On March 18, 1999, Windmiller moved for relief from judgment, under Civ.R. 60(B)(5). The trial court denied the motion on March 24, 1999. This appeal followed.
Windmiller asserts in his sole assignment of error that the trial court erred by denying his Civ.R. 60(B) motion. He contends that Civ.R. 60(B) may be applied in the context of his case by operation of Crim.R. 57(B), which provides: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Windmiller argues that this rule permits a trial court to entertain a motion under Civ.R. 60(B) in proceedings to revoke probation.
We find that Windmiller's argument is without merit. "Civ.R. 60(B) has no application to judgments in criminal cases." Statev. Israfil (Nov. 15, 1996), Montgomery App. No. 15572, unreported, 1996 Ohio App. LEXIS 4955, at *2. We hold that Civ.R. 60(B) is inapplicable in proceedings to revoke probation. If the outcome of a probation revocation hearing is unfavorable to a defendant, his recourse is to appeal that decision. Therefore, because we find that Windmiller was not entitled to seek relief under Civ.R. 60(B), the trial court did not err by denying his motion.
Windmiller's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
CARR, P.J., WHITMORE, J., CONCUR